No. 23,622.

THE STATE OF KANSAS, ex rel. CLARK A. WALLACE, as County Attor-
ney of Kingman County, *Appellee,* v. P. J. EGAN; *Appellant.*

SYLLABUS BY THE COURT.

1. OUSTER—*School Director—Elected at Special District Meeting—Tenure of
Office.* When a school district is organized and a special school-district
meeting is called to elect the members of its first school board, the officers
thus elected serve until the next regular annual school-district meeting, but
no longer, if at such annual meeting their successors are elected and qualify
as the statute provides.

2. SAME. At a special meeting of a newly-created school district the defend-
ant was elected to serve as director. At the next regular annual school-dis-
trict meeting another person was elected to succeed him. Defendant de-
clined to surrender his office in favor of his lawfully elected and qualified
successor. *Held,* that judgment of ouster was properly entered against de-
fendant.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed
April 8, 1922. Affirmed.

*John McKenna,* of Kingman, for the appellant.

*Richard J. Hopkins,* attorney-general, and *Charles C. Calkin,* county at-
torney, for the appellee; *Clark A. Wallace,* of Kingman, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The state brought this action in the district court to
challenge the authority of the defendant to exercise the official
powers of a director of a school district.

It appears that school district No. 101 in Kingman county was organized in August, 1919, and that the defendant was elected director at a special school-district meeting called by the county superintendent pursuant to such organization.  At the regular annual meeting the. following year, April 9, 1920, a successor to defendant was elected; but defendant declined to forego and surrender the rights, duties and privileges of his office, on the ground that his term had not expired.  To settle this question this action was begun.

·The trial court gave judgment for the state, declared the defendant to be a usurper, and ousted him.  He appeals, and directs our attention to the statutes governing the election of school-district officials.  The state does likewise.  The question may be of some importance, but it is by no means difficult.

Section 8892 of the General Statutes of 1915 provided that when a school district was organized the county superintendent should call a special district meeting for the election of school-district officers, and for the transaction of such business as is prescribed by law for special school-district meetings.

The regular time for the election of school-district officials is on the second Friday in April of each year (Gen. Stat. 1915, § 8907), and one member of the trio constituting the district school board should be elected thereat—the legislative plan being that changes in the personnel of the board should only be made gradually, so that there may always be some persons on the school board who are familiar with the school district's affairs.  To that end it was provided, in section 8950 of the ·General Statutes of 1915, chapter 122, Laws of 1876, that beginning with the year A. D. 1874 a director should be elected for three years, a clerk for two years, and a treasurer for one year; and that thereafter the terms of such officials should be for three years.  By this plan only one member of the board is to be elected each year, except in case of vacancies which do not now concern us.  It was also provided in the same act (Gen. Stat. 1915, § 8909) that if the time for holding a regular annual school-district meeting was suffered to pass without such meeting or election, that a ·special meeting might be called and officers chosen thereat, who should hold their offices until the next regular annual meeting, but no longer, if their successors were then elected and qualified as the law intends.

From this it appears that the legislature has outlined a consistent and uniform plan for selecting school-district officials and defining

their terms. If elected at a regular annual meeting they hold for the full term, or in case of vacancies for the balance of such full term, in accordance with the scheme for uniformity outlined in the act of 1876. If not so elected, but chosen at a special district meeting, all such officials hold only until the regular time for choosing district officers—the next succeeding regular annual school-district meeting on the second Friday in April. Surely this determines the present question.

But an argument is made that the officials chosen at a special district meeting called at the organization of a new district justifies the application of some other rule, or a different construction of the statutory rules quoted above. If there was a special statutory rule governing this particular matter there would be nothing for us to do but follow it; but it seems hardly proper to make a judicial distinction between officers of a new district elected at a special meeting and officers of an old district thus elected, when the legislature itself did not attempt to make such distinction. At the time this act was adopted, in 1876, the matter of organizing the various subdivisions of the state such as counties and townships (as well as school districts) was in full vogue, and in these analogous cases the county and township officers selected in the first instance only served until the next regular election. (Comp. Stat. 1879, § 1366.)

The judgment is affirmed.